**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| TINA BRICKLES, *et al.*, | : | Case No. 3:18-cv-193 |
| | : | |
| Plaintiffs, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| VILLAGE OF PHILLIPSBURG, OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER ACCEPTING, IN PART, AND REJECTING, IN PART, THE AMENDED REPORT AND RECOMMENDATIONS (DOC. 31); OVERRULING, IN PART, AND SUSTAINING, IN PART, DEFENDANTS VILLAGE OF PHILIPSBURG, OHIO AND MARK WYSONG'S OBJECTIONS TO THE MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION (DOC. 32); DISMISSING PLAINTIFFS' SEVENTH, EIGHTTH, TWENTY-SECOND, AND TWENTY-THIRD CLAIMS AGAINST DEFENDANTS VILLAGE OF PHILIPSBURG, OHIO AND MARK WYSONG; AND, DENYING THE REMAINDER OF DEFENDANTS VILLAGE OF PHILIPSBURG AND WYSONG'S MOTION TO DISMISS (DOC. 19)**

---

This case is before the Court on Defendants Village of Phillipsburg, Ohio and Mark Wysong's Objections (Doc. 32) ("Objections") to the Magistrate Judge's Amended Report and Recommendations (Doc. 31) ("Report").[1]  In the Report, Magistrate Judge Sharon L. Ovington addressed the "Motion to Dismiss Plaintiffs' Amended Complaint" (Doc. 19) filed by Defendants Village of Phillipsburg, Ohio and Mark Wysong (the "Village Defendants").  In the Report, Magistrate Judge Ovington recommended that the Village Defendants' Motion to Dismiss (Doc. 19) be granted, in part, and denied in the remaining part.  Specifically, she recommended that Claims Seven and Twenty-Two against the Village Defendants be dismissed with prejudice, but

---

[1] On August 5, 2019, the Magistrate Judge issued an initial Report and Recommendations (Doc. 30).  However, on August 9, 2019, the Magistrate Judge, *sua sponte*, issued the Amended Report and Recommendations (Doc. 31) that is now before the Court, thus mooting the initial Report and Recommendations.

that the rest of the motion be denied. The Village Defendants filed Objections to the Report (Doc. 32), and the Plaintiffs filed a Memorandum in Opposition to those Objections (Doc. 35). This matter is now ripe for review.

The motion addressed in the Report was a dispositive motion, with respect to at least one claim against at least one party. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Therefore, with respect to any part of the Report that has been properly objected to by a party, the Court must determine, *de novo*, those parts. *Id*. The Court has made that determination and a *de novo* review of the record in this case. Below, the Court addresses each of the parts of the Report that have been properly objected to by one or more of the parties.

The Court adopts the Introduction, Factual Allegations, Rule 12(b)(6) and Plausibility, and Section 1983 and Municipal Liability sections of the Report, which provide a summary of the background facts, the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and general legal principles concerning claims for municipal liability brought under 42 U.S.C. § 1983. (Doc. 31 at PAGEID # 302-10.) This Order assumes familiarity with those sections of the Report.

## I.    Objection to Recommendation Against Dismissing Plaintiffs' Inadequate Screening Claims (Claims 6 and 21)

The Village Defendants argue in their Objections that Plaintiffs' Inadequate Screening claims against them (Claims 6 and 21) should have been dismissed and that the Report misapplied United States Supreme Court precedent when analyzing the plausibility of those claims. (Doc. 32 at PAGEID # 329-31.) The Village Defendants argue that the Report does not properly apply *Board of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397 (1997) to link Defendant Justin W. Sanderson's background to the alleged sexual assaults. (*Id*. at PAGEID # 331.)

The Court disagrees with the Village Defendants' argument, agrees with Magistrate Judge Ovington's analysis in the Report, and finds that the Report—in line with *Brown*—"carefully test[ed] the link between the policymaker's inadequate decision [the municipal action] and the particular injury alleged." *Brown*, 520 U.S. at 410. In fact, the Report spends several pages doing so, analyzing the allegations in the Amended Complaint and applying them to the Supreme Court's pronouncements in *Brown*. (Doc. 31 at PAGEID # 312-18.) Accordingly, the Court overrules the Village Defendants' objections regarding the Report's recommendation that Claims 6 and 21 are not subject to dismissal under Rule 12(b)(6). The Court adopts the portion of the Report, and accepts its recommendation, regarding those two claims. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1313-14 (11th Cir. 2001) (evidence produced was sufficient to find deliberate indifference based on inadequate screening given testimony that the city manager was hired without a background check, the city had received information alerting it to problems that the city manager previously had in dealing with women, and a check into his prior employment history would have further alerted the city to prior complaints about him).

II.     **Objection to Recommendation Against Dismissing Plaintiffs' Equal Protection Claims (Claims 8 and 23)**

The Village Defendants also argue in their Objections that Plaintiffs' Equal Protection claims against them (Claims 8 and 23) should have been dismissed, that they did not waive their argument that Plaintiffs failed to state an equal protection claim, and that the Report incorrectly found that it is premature to dismiss such claims. (Doc. 32 at PAGEID # 331-33.)

First, regarding any waiver or abandonment of the Village Defendants' argument that Plaintiffs' failed to state an equal protection claim, the Court notes that the Report's recommendation does not rely on finding abandonment of the argument. (Doc. 31 at PAGEID #323-24.) However, to the extent necessary to address it, this Court disagrees with any proposed

finding in the Report that the Village Defendants abandoned (or waived) their argument by not addressing, in their (non-mandatory) Reply brief, Plaintiffs' contention that the Amended Complaint's allegations support plausible equal protection claims.[2] (Doc. 32 at PAGEID # 332.)

Second, this Court disagrees with the Report's proposed finding that "it is premature to recommend dismissing Plaintiffs' equal-protection claims" because the Defendants did not provide "analytical input" on "Plaintiffs' substantive contention that Phillipsburg discriminated against them on the basis of their gender by failing to provide female detainees a reasonably safe and secure location where they could be processed." (Doc. 31 at PAGEID # 324.) As set forth in the Report, the "Amended Complaint describes nightmarish crimes perpetrated by Defendant Justin W. Sanderson," a former police officer for the Village of Phillipsburg who has since been "found guilty in state court of rape, sexual battery, gross sexual imposition, kidnapping, and civil-rights violations." (Doc. 31 at PAGEID # 302.) The Amended Complaint alleges that Defendant Sanderson, on separate occasions, drove Plaintiffs Tina Brickles and Kelsey Walker to the Phillipsburg municipal building at night and sexually assaulted them there. (Doc. 15.)

The Equal Protection Clause forbids the State from denying to "any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. As recognized in both the Report and the Objections, "[t]o state a claim under the Equal Protection Clause, a § 1983 plaintiff <u>must allege</u> that a state actor <u>intentionally</u> discriminated against the plaintiff because of membership in a protected class." *Purisch v. Tenn. Technological Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996) (internal quotation omitted) (emphasis added). *See also Memphis v. Greene*, 451 U.S. 100, 119 (1981) ("the absence of proof of discriminatory intent forecloses any claim that the

---

[2] The Village Defendants addressed Plaintiffs' Equal Protection claims against them in their Motion to Dismiss. (*See* Doc. 19 at PAGEID # 165-66.)

official action challenged in this case violates the Equal Protection Clause of the Fourteenth Amendment").

The Amended Complaint fails to sufficiently allege that either of the Village Defendants "intentionally" discriminated against Plaintiffs (female detainees) because they are women (*see* Doc. 15). *Purisch*, 76 F.3d at 1424. The Amended Complaint alleges that Plaintiffs are part of a protected class, they were discriminated against on the basis of gender, the only location to process female detainees in Phillipsburg (a village with an alleged population of a mere 500 to 600 people) was the Phillipsburg municipal building that was unstaffed and unmonitored after normal business hours, the village's police officers were all male,[3] and that the Village Defendants knew or should have known that their actions endangered female detainees. However, the Amended Complaint does not allege—or include sufficient factual allegations that infer—intentional discrimination by the Village Defendants. *Kuerbitz v. Meisner*, No. 17-2284, 2018 U.S. App. LEXIS 19007, at *11-12 (6th Cir. July 11, 2018) (equal protection claim properly dismissed where plaintiff "alleges no facts to support the inference that the defendants [in taking the action alleged] intentionally discriminated against him because of his membership in a protected class"; "[b]ecause conclusory allegations of unconstitutional conduct without specific factual allegations are insufficient to state an equal protection claim, this claim was subject to dismissal"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations and quotations marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (while courts must take all

---

[3] The Amended Complaint alleges that Defendant Wysong was the only full-time officer in the Village's police department at the time he hired Defendant Sanderson. (Doc. 15 at PAGEID # 91.)

factual allegations in a complaint as true, they are not bound to accept as true a legal conclusion couched as a factual allegation).

Therefore, Claims 8 and 23, which allege municipal liability under 42 U.S.C. § 1983 for violation of the equal protection clause, fail to state a claim against the Village Defendants and are dismissed. *Fox v. Smith*, No. 08-1165, 2008 U.S. App. LEXIS 27864, at *7-8 (6th Cir. Sept. 19, 2008) ("To state an equal protection claim under § 1983, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class. The district court properly dismissed Fox's equal protection claim because he failed to allege … that the defendants intentionally discriminated against him because of his membership in that protected class.") (internal citations omitted).

Accordingly, the Court agrees with the Village Defendants' objections regarding the Report's recommendation that Claims 8 and 21 are not subject to dismissal under Rule 12(b)(6), dismisses those two claims, and does not adopt the portion of the Report, or accept its recommendation, with respect to those two claims.

### III.   Conclusion

In summary, the Court hereby **ADOPTS** the Report (Doc. 31), except with respect to that portion of the Report dealing with the Village Defendants' motion to dismiss Claims 8 and 23 (Plaintiffs' equal protection claims against them) and its recommendation that those two claims not be dismissed with respect to the Village Defendants (i.e., Doc. 31 at PAGEID # 322-234).  The Court **SUSTAINS** the Village Defendants' Objections to the portion of the Report regarding Claims 8 and 23 (Doc. 32 at PAGEID # 331-33).   The Court otherwise finds the Village Defendants' Objections (Doc. 32) are not well-taken and are hereby **OVERRULED**.  The Court rules—in accordance with the above analysis—as follows:

1. Defendants Village of Phillipsburg and Mark Wysong's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 19) be **DENIED IN PART AND GRANTED IN PART**;

2. Claims 7, 8, 22, and 23 in Plaintiffs' Amended Complaint (Doc. 15) against Defendants Village of Phillipsburg and Mark Wysong are **DISMISSED**; and,

3. This case will continue on Plaintiffs' remaining claims in their Amended Complaint.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 20, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE